**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **ALICIA M. F.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-877** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Alicia F. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 9), Defendant's Motion for Summary Judgment (ECF No. 10), and "Plaintiff's Reply to Defendant's Motion for Summary Judgment" (ECF No. 11).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

is necessary.  L.R. 105.6.  For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 9) is **GRANTED**.

# I

## Background

On May 9, 2018, Administrative Law Judge ("ALJ") Thomas J. Sanzi held a hearing where Plaintiff and a vocational expert ("VE") testified.  R. at 36-67.  The ALJ thereafter found on July 3, 2018, that Plaintiff was not disabled from her amended alleged onset date of disability of April 23, 2014, through September 5, 2017.  R. at 14-35.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity from April 23, 2014, through September 5, 2017, and that she had severe impairments.  R. at 20.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 20-23.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. [Plaintiff] can frequently balance, kneel, and crouch, but only occasionally stoop and crawl.  She can frequently handle, that is, perform gross manipulation, with the right upper extremity.  [Plaintiff] should avoid concentrated exposure to excessive vibration and irritants such as fumes, odors, dust, and gases.  She should avoid all use of moving machinery and all exposure to unprotected heights.  [Plaintiff] is limited to work involving simple, routine tasks.  She should only occasionally interact with the public and co-workers.

R. at 23.[3]  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a billing specialist, insurance specialist, and medical

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

assistant, Plaintiff could perform other work in the national economy, such as a housekeeping cleaner, label coder, or hand inspector.  R. at 27-28.  The ALJ thus found that Plaintiff was not disabled during the relevant period.  R. at 17, 29.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on March 25, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made,

3

the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not

disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

6

## IV

### Discussion

Plaintiff contends that the ALJ erred by determining that she had the RFC to perform light work, including frequently handling or performing gross manipulation with the right upper extremity.  Pl.'s Mem. Supp. Mot. Summ. J. 6-12, ECF No. 9-1.  For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted).  The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'"  *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  Rather, remand may be appropriate "where an ALJ fails to assess a claimant's

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The ALJ also "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Here, Jayant Desai, M.D., a state agency medical consultant, opined in March 2016 that Plaintiff's use of her hands was limited to occasional handling or gross manipulation because of her pain and paresthesia in her hands as a result of recurrent carpal tunnel syndrome. R. at 191-92, 212-13. The VE testified that an individual's limitation to only occasional handling with the right upper extremity and only occasional interaction with co-workers and the public would preclude unskilled work. R. at 62-63. The ALJ thus had to build a logical bridge from the evidence to his conclusion that, during the closed period of alleged disability, Plaintiff could more than occasionally handle with her upper extremities. Plaintiff maintains that the ALJ did not include a narrative discussion citing specific medical facts and non-medical evidence of how

she could perform each of the tasks required by her RFC.  Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 9-1.  The ALJ found that the "medical evidence of record does not demonstrate that carpal tunnel syndrome would have prevented [Plaintiff] from sustaining light work with occasional climbing and crawling and frequent handling with the right upper extremity, as well as no concentrated exposure to excessive vibration and no exposure to hazards."  R. at 24. Plaintiff's "ability to return to work, even on a part-time basis, is strong evidence that the surgery was effective at improving her symptoms and functioning."  R. at 24.  The ALJ "considered [Plaintiff's] history of bilateral carpal tunnel syndrome and multiple release surgeries in assessing a residual functional capacity for light work with occasional crawling and climbing and frequent handling using the right upper extremity, with no concentrated exposure to excessive vibration."  R. at 24.  "However, the evidence of normal strength, together with her improvement with surgery, weighs against a finding of additional limitations."  R. at 24.  Contrary to Dr. Desai's opinion, the ALJ did "not find that [Plaintiff] would be limited to occasional pushing or pulling, or that she would have limitations on the use of her left upper extremity."  R. at 26.

"Neither the Social Security Act nor regulations direct the SSA to treat an applicant's employment after a claimed period of disability as evidence against the applicant's claim." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).  Thus, Plaintiff's "employment after her alleged period of disability should not have been used as evidence to determine her ability to work during the closed period because it is not inconsistent with her claimed disability." *Trenda v. Astrue*, No. 3:08-CV-92, 2009 WL 3063008, at *8 (D.N.D. Sept. 21, 2009).  Further, "'[f]requent' means occurring from one-third to two-thirds of the time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).  Although the ALJ "summarized evidence that he found credible, useful, and consistent," the ALJ "never explained how he concluded—*based*

*on this evidence*—that [Plaintiff] could actually perform the tasks required by" his assessment of Plaintiff's RFC.  *Woods*, 888 F.3d at 694.  Although the ALJ concluded that Plaintiff could perform manipulative functions, he said nothing about Plaintiff's ability to perform them for a full workday.  *See Mascio*, 780 F.3d at 637; *Kaitlin M. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-18-0305, 2019 WL 1320333, at *5 (D. Md. Mar. 22, 2019).  "The ALJ therefore failed to build an 'accurate and logical bridge' from the evidence he recounted to his conclusion about" Plaintiff's RFC.  *Woods*, 888 F.3d at 694.  Because the Court is "left to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform relevant functions . . . , remand is necessary."  *Mascio*, 780 F.3d at 637.

In short, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.  The second component, the ALJ's logical explanation, is just as important as the other two."  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).  Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings.  *Id.* (citing *Woods*, 888 F.3d at 694).

Because the Court remands on other grounds, it need not address her remaining argument regarding the ALJ's weighing of treating sources' opinions.  In any event, the ALJ also should address this issue identified by Plaintiff.  *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."); *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 n.5 (D. Md. Sept. 20, 2019) ("In the interest of a comprehensive review on

remand, however, the Court will note that the ALJ does need to explain which evidence he chooses to credit and which evidence he chooses to discredit and why." (citing *Monroe*, 826 F.3d at 189)).

**V**

**<u>Conclusion</u>**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 10) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 9) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: June 11, 2020                                      _____/s/_____

                                                         Thomas M. DiGirolamo
                                                         United States Magistrate Judge